# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO SALGUERO, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security Administration, <br><br> Defendant. | Case No. CV 11-0290-SP <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

On January 14, 2011, plaintiff Humberto Salguero filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

A single issue is presented for decision here: whether the Administrative Law Judge ("ALJ") properly considered the evidence of a medically determinable severe

mental impairment. Pl.'s Br. at 4-10; Def.'s Mem. at 3-10; Reply at 3-5.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court concludes that, as detailed herein, there is substantial evidence in the record, taken as whole, to support the ALJ's decision. First, the ALJ properly determined that plaintiff does not suffer from a severe mental impairment. And second, the ALJ provided reasons germane to plaintiff's social worker for rejecting the social worker's opinion regarding plaintiff's mental impairment, as such opinion was not from an acceptable medical source and is inconsistent with the objective medical record. Therefore, the court affirms the Commissioner's decision denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was fifty-seven years old on the date of his September 17, 2008 administrative hearing, has a fourth-grade education. *See* AR at 43, 116, 152. His past relevant work includes employment as a janitor, painter, parking lot attendant, carpenter's helper, and warehouse worker. *Id.* at 57, 130-36.

Plaintiff filed applications for DIB and SSI, alleging that he has been disabled since January 1, 2002 due to memory loss, depression, blurred vision, hypertension, and high cholesterol. *See* AR at 28, 65, 116-17, 117-18, 147. Plaintiff's applications were denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 61, 62, 63, 64, 65-68, 70-74, 76, 77-82, 83-88, 91.

On September 17, 2008, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ with the assistance of a Spanish interpreter. AR at 44-57. The ALJ also heard testimony from Sandra Schneider, a vocational expert ("VE"). *Id.* at 57-59. On December 9, 2008, the ALJ denied plaintiff's request for benefits. *Id.* at 28-40.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since

his alleged disability onset date. AR at 31.

At step two, the ALJ found that plaintiff suffers from hypertension, heart disease, mental depression and a history of alcoholism. The ALJ further found, however, that only plaintiff's impairments of hypertension and heart disease are severe impairments. AR at 31.

At step three, the ALJ determined the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 37.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and determined that he can perform the full range of medium work. AR at 37.

The ALJ found, at step four, that plaintiff is capable of performing his past relevant work as a janitor, painter, parking lot attendant, and warehouse worker. AR at 39. Thus, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 29, 40.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 16. The ALJ's decision stands as the final decision of the Commissioner.

### III.
### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

1  Administration must be upheld if they are free of legal error and supported by
2  substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).
3  But if the court determines that the ALJ's findings are based on legal error or are
4  not supported by substantial evidence in the record, the court may reject the findings
5  and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033,
6  1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

7      "Substantial evidence is more than a mere scintilla, but less than a
8  preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant
9  evidence which a reasonable person might accept as adequate to support a
10 conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276
11 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding,
12 the reviewing court must review the administrative record as a whole, "weighing
13 both the evidence that supports and the evidence that detracts from the ALJ's
14 conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed
15 simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d
16 at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the
17 evidence can reasonably support either affirming or reversing the ALJ's decision,
18 the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*
19 (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

22     Plaintiff contends the ALJ erred in concluding that he does not suffer from a
23 severe mental impairment. *See* Pl.'s Br. at 5. Plaintiff maintains that licensed
24 clinical social worker Soccoro Santiago diagnosed plaintiff with schizoaffective
25 disorder, personality disorder not otherwise specified, and a Global Assessment of

4

1  Functioning ("GAF") rating of 32.[2/] *Id.* at 5, 7. Plaintiff therefore asserts that the
2  ALJ – in finding plaintiff does not suffer from a severe mental impairment – erred
3  in failing to provide "'good reasons'" for rejecting Santiago's opinion. *Id.* at 9.
4        The threshold inquiry at step two is whether or not a claimant is suffering
5  from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "At
6  step two of the five-step sequential inquiry, the Commissioner determines whether
7  the claimant has a medically severe impairment or combination of impairments."
8  *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted).
9  "Important here, at the step two inquiry, is the requirement that the ALJ must
10 consider the combined effect of all of the claimant's impairments on her ability to
11 function, without regard to whether each alone was sufficiently severe." *Id.* at 1290
12 (citations omitted). "An impairment or combination of impairments can be found
13 'not severe' only if the evidence establishes a slight abnormality that has 'no more
14 than a minimal effect on an individual[']s ability to work.'"[3/] *Id.* (citations omitted).
15 "[A]n ALJ may find that a claimant lacks a medically severe impairment or
16 combination of impairments only when his conclusion is 'clearly established by
17 medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting

---

[2/] A GAF rating of 31-40 indicates "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th Ed. 2000) (emphasis omitted).

[3/] "'Basic work activities' are defined as including such capabilities as use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (internal citations omitted).

Social Security Ruling ("SSR") 85-28,[4] 1985 WL 56856, at *3).

Having carefully reviewed the record and the parties' written submissions, the court is persuaded that the ALJ properly discounted the opinion of Santiago and found plaintiff does not suffer from a severe mental impairment. A licensed clinical social worker is not an "acceptable medical source" for establishing a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a); *Turner v. Comm'r*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (social workers are not considered acceptable medical sources under the regulations, but instead are treated as other sources). Because licensed clinical social workers are not "acceptable medical sources," their opinions are not entitled to the same standard of review afforded physicians; instead, the opinions of licensed clinical social workers are reviewed under the standard afforded lay witnesses. *See Turner*, 613 F.3d at 1224. Thus, if an ALJ wishes to discount such opinions, the ALJ must give reasons that are germane to each witness for doing so. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ did, in fact, provide reasons germane to Santiago for rejecting Santiago's opinion. First, the ALJ correctly found that Santiago is "not an acceptable source of medical evidence," and thus properly gave Santiago's opinion less weight than other qualifying medical source opinions. AR at 36.

Second, the ALJ properly discounted Santiago's opinion as being "not consistent with the records of treatment." AR at 36; *Cf. Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physician's opinions

---

[4] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings); *Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected treating physician's opinion which was unsupported by medical findings, personal observations, or test reports).  The objective findings in the record reflect only slight mental abnormalities.  For instance, aside from noting occasional symptoms of depression due mostly to financial and familial problems, Santiago's own progress notes indicated that plaintiff presented no significant mental impairments. *See* AR at 263 (February 5, 2007 progress note indicated plaintiff appeared clean, well groomed, somewhat upbeat and cheerful; plaintiff reported he was working part time distributing flyers; aside from losing contact with his daughter and granddaughter, plaintiff presented no pressing issues), 264 (December 26, 2006 progress note indicated plaintiff looked clean, well groomed, and sad; plaintiff reported that he was unable to secure the job he wanted; plaintiff also spoke of his daughter and granddaughter; no other pressing issues), 265 (progress note indicated plaintiff reported he will continue looking for work, even if that requires him to move out of the area), 266 (November 3, 2006 note indicated plaintiff was clean, casually dressed, and less depressed than in past sessions; note also indicated plaintiff was very disappointed with his job as a dental hygienist because he was unable to get clients), 271 (March 1, 2006 progress note indicated plaintiff appeared clean, casually dressed, and reported no pressing issues; Santiago also noted that plaintiff did not present any suicidal or depressive thoughts), 280 (in an October 28, 2005 Adult Initial Assessment, Santiago reported: that plaintiff was hearing "Voices [that] put him down"; that plaintiff blames others for his problems; that plaintiff "Cries often; [and] 'Feels sorry for himself'"; but that plaintiff denies any delusions.  Santiago stated plaintiff did not require medication and that plaintiff "[m]ay benefit from ongoing supportive therapy.").

Furthermore, based upon a complete psychiatric evaluation, consultative examining psychiatrist Ernest A. Bagner III, M.D. found: that plaintiff's thought

processes are tight and there is no flight of thought, looseness of association, thought blocking, or distractibility; that plaintiff is alert and oriented to person and place; that plaintiff's insight and judgment are fair; and that there was no evidence of paranoid or grandiose delusions during the interview. AR at 294; *see Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (examining physician's opinion may constitute substantial evidence if the "nontreating physician relies on independent clinical findings that differ from the findings of the treating physician" (internal quotation marks and citation omitted)).

Dr. Bagner ultimately diagnosed plaintiff with, inter alia, depressive disorder not otherwise specified, and a GAF rating of 72. AR at 294. Dr. Bagner therefore opined that plaintiff: "would have no limitations interacting with supervisors, peers or the public"; "would have zero to mild limitations maintaining concentration and attention and completing simple and complex tasks"; "would have mild limitations completing a normal workweek without interruption"; and "would have mild to moderate limitations handling normal stresses at work." *Id.* at 295. Dr. Bagner stated that if plaintiff "receives psychiatric treatment, he should be significantly better in less than six months." AR at 295. Based upon this statement, plaintiff argues that because Dr. Bagner "expresses his opinion of limitations for [plaintiff] in the conditional progressive verb tense," the "obvious condition to the expression is the presence of medical improvement that Dr. Bagner just cited, 'better in less than six months.'" Reply at 3-4. Plaintiff therefore argues that "Dr. Bagner did not address [plaintiff's] then current function," but what Dr. Bagner thought plaintiff "'should' be able to do in the future if the expectation of improvement materialized." *Id.* at 4. The court disagrees.

Plaintiff appears to ignore Dr. Bagner's diagnosis of plaintiff's "Current global assessment of functioning" rating of 72. AR at 294. A GAF rating of 71-80 indicates that "[i]f symptoms are present , they are transient and expectable reactions to psychosocial stressors (e.g., difficulty concentrating after family

argument); no more than slight impairment in social, occupational, or school functioning (e.g., temporarily falling behind in schoolwork)." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th Ed. 2000) (emphasis omitted). It follows that Dr. Bagner's opinion regarding plaintiff's limitations or lack thereof – which is consistent with his GAF rating finding – was not a mere prognosis, but was his then current opinion that plaintiff: has no limitations interacting with supervisors, peers or the public; has zero to mild limitations maintaining concentration and attention and completing simple and complex tasks; has mild limitations completing a normal workweek without interruption; and has mild to moderate limitations handling normal stresses at work. *See* AR at 295.

Like Dr. Bagner, non-examining psychiatric consultant Paul Balson, M.D. diagnosed plaintiff with depressive disorder but found "no objective evidence of severe/extreme purely mental functional impairment within any [activities of daily living] domain or workplace domain." AR at 306; *see Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (non-examining physician's opinion may constitute substantial evidence when it is "supported by other evidence in the record and [is] consistent with it"). Specifically, Dr. Balson determined that plaintiff: has no restrictions of activities of daily living; mild difficulties in maintaining social functioning; no difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation, each of extended duration. AR at 304.

Accordingly, the ALJ properly discounted Santiago's opinion and reasonably found that plaintiff does not suffer from a severe mental impairment because any such mental impairment has no more than a minimal effect on plaintiff's ability to work. *See Smolen*, 80 F.3d at 1290.

After the ALJ rendered his decision, plaintiff provided the Appeals Council with a further Mental Work Restriction Questionnaire (AR at 471-73) and an RFC Questionnaire (*id.* at 475-76), both dated March 3, 2009 and signed by Santiago for

1  Gustavo Vintas, M.D., Staff Psychiatrist, as well as additional medical records (*id.*
2  at 422-70). In the Mental Work Restriction Questionnaire, Dr. Vintas opined that
3  plaintiff is chronically depressed with severe impairments and poor prognosis.[5/] *Id.*
4  at 471-73. The Appeals Council found the additional evidence submitted "does not
5  provide a basis for changing the Administrative Law Judge's decision" as it
6  "contains treatment notes consistent with evidence previously considered" and
7  "[t]he reports contain no mental status testing or other significant objective findings
8  to further reduce [plaintiff's] ability to perform work related activity." AR at 2.
9  This court finds no error in the Appeals Council's findings.
10     Plaintiff suggests that, given Dr. Vintas's opinion, the ALJ erred in not
11 treating Santiago's opinion as that of a treating physician. *See* Pl.'s Br. at 7-9. But
12 particularly since the ALJ did not have the benefit of the questionnaires submitted
13 after the ALJ rendered his decision, the ALJ did not err in finding Santiago is not an
14 acceptable source of medical evidence. And in any event, the ALJ's rejection of
15 Santiago's opinion as inconsistent with the treatment records is a proper basis for
16 rejecting the opinion of a treating physician as well. *See Batson*, 359 F.3d at 1195;
17 *Burkhart*, 856 F.2d at 1339-40. The additional evidence plaintiff submitted to the
18 Appeals Council does not undercut the ALJ's opinion.

---

[5/]  It is somewhat unclear from the record whether Dr. Vintas was in fact the treating physician who formed this opinion, or whether plaintiff was being treated by Santiago under Dr. Vintas's supervision, with Santiago having formed the opinion. *See, e.g.*, AR at 14. But for purposes of its decision, the court assumes that Dr. Vintas was the treating physician who formed this opinion.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

Dated: January 9, 2012

_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE